UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHERIE DEBALSI<br>6494 Inland Shores Drive<br>Mentor, OH 44060<br><br>    Plaintiff,<br><br>    vs.<br><br>KJ MACHINING SYSTEMS, INC.<br>38254 Airport Parkway<br>Willoughby, Ohio 44094<br><br>    and<br><br>JOHN DEBLASI<br>c/o KJ Machining Systems, Inc.<br>38254 Airport Parkway<br>Willoughby, Ohio 44094<br><br>    And<br><br>DANIEL SCHIZITZ<br>c/o KJ Machining Systems, Inc.<br>38254 Airport Parkway<br>Willoughby, Ohio 44094<br><br>    Defendants. | CASE NO.<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff, Cherie DeBlasi, by and through counsel, and for her Complaint against KJ Machining Systems, Inc., John Deblasi, and Daniel Schizitz (collectively "KJ Machining"), states and alleges the following:

**INTRODUCTION**

1.    Plaintiff brings this lawsuit as a result of Defendants' failure to pay Plaintiff the minimum wage for all of the hours she worked, and overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over 40 each workweek, in

violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201-219, and Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendants conduct business throughout this District and Division and because a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## PARTIES

5. At all times relevant herein, Plaintiff was a citizen of the United States, and a resident of Lake County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At times relevant herein, Defendants maintained their principal place of business in Lake County, Ohio.

8. At all times relevant herein, Defendants were employers within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At all times relevant herein, Defendants were enterprises within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Defendants were a joint employer and/or single enterprise within the meaning of 29 U.S.C. §§ 203(r) and 207(b), as they have an interrelation of operations, common business purpose and activities, common management, common control of labor relations, and common ownership and financial control.

12. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

## FACTUAL ALLEGATIONS

13. Defendants are in the machining business and provide custom machining, assemblies, and small to medium sized parts to its customers.

14. Plaintiff Cherie DeBlasi was employed by Defendants between May 2004 and June 24, 2016 worked as an office manager and performed production work.

15. Plaintiff's job duties included ordering office supplies, accounts receivable, invoicing, shipping, working machines on the production floor, bead blasting, deburring, and performing maintenance on machines.

16. Defendants classified Plaintiff as an "exempt" employee.

17. Plaintiff was paid on a salary wage.

18. However, Defendants failed to pay Plaintiff paid any wages for the following workweeks ending Oct. 12, Oct. 19, Oct. 26, 2014; Nov. 30, 2014; Dec. 7, Dec. 14, Dec. 21, Dec. 28, 2014; Jan. 4, Jan. 11, Jan. 18, Jan. 25, 2015; Feb. 1, 2015; and April 5, 2015.

19. Plaintiff did not have the authority to hire or fire other employees, was not involved in the interview process, and did not make suggestions and/or recommendations as to the hiring, firing advancement, promotion, or any other change is status of other employees.

20. Plaintiff's primary duty was not the performance of office or non-manual work directly related to the management or general business operations of Defendants.

21. Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

**(Failure to Pay Overtime Compensation)**

22. Defendants failed to pay Plaintiff overtime compensation for the hours she worked over 40 each workweek.

23. Plaintiff estimates that she worked between 45-55 hours each week.

24. Defendants had knowledge that Plaintiff worked over 40 hours per week.

25. Defendants knowingly and willfully failed to pay Plaintiff overtime compensation for all of the hours she worked in excess of 40 hours each week.

**(Failure to Pay Minimum Wages)**

26. Defendants failed to pay Plaintiff the minimum wage in the workweeks in which Defendants did not pay Plaintiff any wages.

27. Plaintiff estimates that she worked between 45-55 hours in those workweeks.

28. Defendants knowingly and willfully failed to pay Plaintiff minimum wages in those workweeks.

**(Failure to Keep Accurate Records)**

29. Defendants failed to make, keep, and preserve records of hours worked by Plaintiff.

30. As a result of Defendants' record-keeping policies, the work Plaintiff performed is unrecorded in Defendants' time and earnings records.

**(Defendant Willfully Violated the FLSA)**

31. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

32. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

33. Defendants' practice and policy of misclassifying Plaintiff as "exempt" violated the FLSA, 29 U.S.C. § 213(a)(1).

34. Defendants' failure to pay Plaintiff the applicable minimum wage for all of the hours she worked each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

35. Defendants' failure to pay Plaintiff overtime compensation at the rate of one and one-half her regular rate of pay for all of the hours she worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219.

36. Defendants' failure to keep accurate records of all of the hours Plaintiff worked each workday and the total hours Plaintiff worked each workweek violated the FLSA, 29 C.F.R. § 516.2(a)(7).

37. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

38. As a result of Defendants' practices and policies, Plaintiff has been damaged in that she had not received wages due to her pursuant to the FLSA.

## COUNT TWO
### (Ohio Minimum Fair Wage Standards Act Violations)

39. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Defendants' practice and policy of misclassifying Plaintiff as "exempt" violated the OMFWSA, O.R.C. §§ 4111.03 and 4111.14.

41. Defendants' failure to pay Plaintiff the applicable minimum wage for all of the hours she worked each workweek violated the OMFWSA, O.R.C. § 4111.14.

42. Defendants' failure to pay Plaintiff overtime compensation at the rate of one and one-half times her regular rate of pay for the hours she worked over 40 each workweek violated the OMFWSA, O.R.C. §§ 4111.03 and 4111.10.

43. Defendants' failure to keep records of all of the hours Plaintiff worked each workday and the total hours Plaintiff worked each workweek violated the OMFWSA, O.R.C. § 4111.08.

44. By engaging in the above-mentioned conduct, Defendants willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

45. As a result of Defendants' practices, Plaintiff has been damaged in that she has not received wages due to her pursuant to the OMFWSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court find Defendants jointly and severally liable, and:

A. Award Plaintiff actual damages for unpaid overtime compensation;

B. Award Plaintiff actual damages for unpaid minimum wages;

C. Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff under the FLSA;

D. Award Plaintiff liquidated damages calculated as an additional two times the amount of unpaid minimum wages found due to Plaintiff under the OMFWSA;

E. Award Plaintiff pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff attorneys' fees, costs, and disbursements; and

G. Award Plaintiff further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Lori M. Griffin
Lori M. Griffin (0085241)
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
lori@lazzarolawfirm.com
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ Lori M. Griffin
One of the Attorneys for Plaintiff