## JOINT STIPULATION
## OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division, Plaintiff Cherie DeBlasi, and Defendants KJ Machining Systems, Inc. and Jon DeBlasi agree to the terms of this Joint Stipulation of Settlement and Release.

## DEFINITIONS

1. "Action" shall mean the civil action in the United States District Court for the Northern District of Ohio, Eastern Division entitled *DeBlasi v. KJ Machining Systems, Inc. et al.*, Case No. 1:16-cv-02819.

2. "Plaintiff's Counsel" shall mean Lori M. Griffin, Anthony J. Lazzaro, and Chastity L. Christy of The Lazzaro Law Firm, LLC.

3. "Defendants" shall mean KJ Machining Systems Inc. and Jon DeBlasi and all of their former, current and respective officers, directors, agents, attorneys, parents, predecessors, successors, subsidiaries, and related and affiliated entities.

4. "Parties" shall mean the Plaintiff and Defendants, and "Party" shall mean any one of the Parties.

5. "Final" shall mean the date the Court has approved the Settlement.

6. "Settlement" shall mean this Joint Stipulation of Settlement and Release.

## RECITALS

7. On November 18, 2016, Plaintiff commenced the Action with respect to the claims she asserted.

8. In the Action, Plaintiff alleged that Defendants failed to pay her the minimum wage and overtime compensation under the Fair Labor Standards Act ("FLSA").

9. Defendants deny any liability or wrongdoing of any kind. The Parties agree that a bona fide dispute exists regarding Plaintiff's claims, including whether and how many overtime hours Plaintiff worked, whether Plaintiff was an exempt employee, whether Defendants acted in good faith, and whether any alleged violation of the FLSA was willful.

10. On April 22, 2017 the Parties, by and through their respective counsel reached a binding agreement to settle the Action on the terms set forth in this Settlement.

11. Plaintiff's Counsel represents that they have conducted a thorough investigation into the facts of this Action, and have diligently pursued an investigation of Plaintiff's claims against Defendants, including reviewing relevant documents, and researching the applicable law

and the potential defenses. Based on their own independent investigation and evaluation, Plaintiff's Counsel is of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of Plaintiff in light of all known facts and circumstances, including the risk of significant delay and Defendants' defenses. Defendants agree that the Settlement is fair, adequate and reasonable.

12. This Settlement represents a compromise of disputed claims. Nothing in this Settlement is intended or will be construed as an admission by Defendants that Plaintiff's claims in the Action have merit or that Defendants have any liability to Plaintiff on those claims.

## TERMS OF SETTLEMENT

13. **Total Settlement Payment**: The Total Settlement Payment is Ten Thousand Dollars ($10,000.00) including: (a) all Settlement payments to Plaintiff; and (b) Plaintiff's Counsel's attorneys' fees and expenses.

14. **Payment to Plaintiff**: Five Thousand Six Hundred Dollars ($5,600.00) of the Total Settlement Payment will be paid to Plaintiff.

15. **Treatment of Plaintiff's Settlement Payment**: Plaintiff's Settlement Payment will be reported on an IRS form 1099-MISC.

16. **Plaintiff's Counsel's Attorneys' Fees and Costs**: Four Thousand Dollars ($4,000.00) of the Total Settlement Payment will be paid to Plaintiff's Counsel for attorneys' fees, and Four Hundred Dollars ($400.00) in expenses will be paid to Plaintiff's Counsel for expenses incurred in the Action. Defendants will issue to Plaintiff's Counsel a Form 1099 with respect to the attorneys' fees and expenses.

17. **Distribution Process**: The settlement payments will be distributed in twenty-five (25) separate payments as outlined below. Defendants will deliver Plaintiff's settlement payment and Plaintiff's Counsel's attorneys' fees and costs to Plaintiff's Counsel's office no later than the dates provided below. The first settlement payment will be due within ten (10) days after the Court grants approval of the settlement. Separate checks will be issued to Plaintiff and Plaintiff's Counsel.

| Date | Amount to The Lazzaro Law Firm, LLC | Amount to Cherie DeBlasi |
|---|---|---|
| 10 days after court approval | $176.00 | $224.00 |
| August 1, 2017 | $176.00 | $224.00 |
| September 1, 2017 | $176.00 | $224.00 |
| October 1, 2017 | $176.00 | $224.00 |
| November 1, 2017 | $176.00 | $224.00 |
| December 1, 2017 | $176.00 | $224.00 |
| January 1, 2018 | $176.00 | $224.00 |
| February 1, 2018 | $176.00 | $224.00 |
| March 1, 2018 | $176.00 | $224.00 |

| April 1, 2018 | $176.00 | $224.00 |
| May 1, 2018 | $176.00 | $224.00 |
| June 1, 2018 | $176.00 | $224.00 |
| July 1, 2018 | $176.00 | $224.00 |
| August 1, 2018 | $176.00 | $224.00 |
| September 1, 2018 | $176.00 | $224.00 |
| October 1, 2018 | $176.00 | $224.00 |
| November 1, 2018 | $176.00 | $224.00 |
| December 1, 2018 | $176.00 | $224.00 |
| January 1, 2019 | $176.00 | $224.00 |
| February 1, 2019 | $176.00 | $224.00 |
| March 1, 2019 | $176.00 | $224.00 |
| April 1, 2019 | $176.00 | $224.00 |
| May 1, 2019 | $176.00 | $224.00 |
| June 1, 2019 | $176.00 | $224.00 |
| July 1, 2019 | $176.00 | $224.00 |

18. **Dismissal With Prejudice of the Action**: Upon entry of the Court's final approval order, the Action shall be dismissed with prejudice, and final judgment shall be entered.

## MUTUAL RELEASE OF CLAIMS

19. **Released Claims**: Plaintiff releases Defendants from any and all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action of every nature and description, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses, whether known or unknown, for the Released Period.

20. **Released Period**: The Released Period shall mean the period of three years prior to the date the action was filed through and including the date on which the Court gives approval of the settlement.

21. **Mutual Release of All Other Claims**: The Parties hereby mutually release each other of any and all claims which either Party may have against the other as of the date of the execution of this agreement, whether known or unknown, including any and all claims under state or federal law governing the terms and conditions of employment and the termination thereof, including retaliation for bringing any of the Released Claims. This release shall be construed broadly to encompass any claim which could have been brought in this action, or any counterclaim which could have been asserted in this action, whether compulsory or otherwise.

22. **Release of Attorneys' Fees and Expenses**: The payment of attorneys' fees and expenses to Plaintiff's Counsel includes all of the attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement, securing Court approval of the Settlement, and obtaining a dismissal of the Action. In consideration for these attorneys' fees and expenses,

3

Plaintiff's Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action.

23. The entry of final judgment in the Action shall release all claims set forth in this entire Section of the Settlement.

## DUTIES OF THE PARTIES AND/OR THEIR COUNSEL

24. **Cooperation**: The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement, to effectuate its terms, and to dismiss the Action with prejudice.

25. **Fair, Adequate and Reasonable Settlement**: The Parties agree that the Settlement is fair, adequate and reasonable and will so represent to the Court.

26. **Joint Motion for Approval of Settlement**: The Parties will jointly move the Court for the entry of an order approving the Settlement on or before ~~May 9, 2017~~ July 10, 2017.

## PARTIES' AUTHORITY

27. The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

28. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

29. The Parties and Plaintiff's Counsel represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION

30. Nothing contained in this Settlement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants, and Defendants deny any such liability. Each Party has entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

4

## CONSTRUCTION

31. The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement

## MODIFICATION

32. This Settlement may not be changed, altered or modified, except in writing and signed by the Parties, and approved by the Court. This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## INTEGRATION CLAUSE

33. This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action, are merged in this Settlement. No rights under this Settlement may be waived except in writing signed by the Parties.

## BINDING ON ASSIGNS

34. This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

35. This Agreement may be executed in counterparts, and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Agreement shall be deemed originals.

## BREACH

36. If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

37. The parties will request that the Court retain jurisdiction to enforce the terms of the Settlement.

## EXECUTION BY PARTIES AND THEIR COUNSEL

37. The parties will request that the Court retain jurisdiction to enforce the terms of the Settlement.

## EXECUTION BY PARTIES AND THEIR COUNSEL

Dated: Jun 26, 2017    CHERIE DEBLASI

*Cherie L. DeBlasi (Jun 26, 2017)*

Dated: 6-16-17    KJ MACHINING SYSTEMS, INC.

By: _____
Its: President

Dated: 6/16/17    JON DEBLASI

Dated: 6/26/17    LORI M. GRIFFIN
THE LAZZARO LAW FIRM, LLC

Attorney for Plaintiff

Dated: 6/26/17    DAVID DVORIN
LIEBERMAN, DVORIN & DOWD, LLC

Attorney for Defendants

6